**A & A INSULATION CONTRACTORS, INC., Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 91–1647C.**

United States Claims Court.

June 24, 1992.

J. David Brown, San Antonio, Tex., for plaintiff.

Charles F. Beall, Jr., Washington, D.C., with whom was Asst. Atty. Gen. Stuart M. Gerson, for defendant.

## ORDER

NETTESHEIM, Judge.

This case is before the court on defendant's motion for summary judgment. The issue is whether, by its execution of a general release which did not preserve a claim in writing, a contractor discharged the Government of liability for a prior disputed claim for bond costs. Argument is deemed unnecessary.

## FACTS

The following material facts are undisputed. On October 24, 1986, the Veterans Administration (the "VA") awarded Contract No. V614C–345 to the United States Small Business Administration (the "SBA"). On January 6, 1987, the SBA awarded the contract to A & A Insulation Contractors, Inc. ("plaintiff"). The contract called for the removal of asbestos from the VA Medical Center in Memphis, Tennessee. The contract was drafted by a government employee.

The contract informed plaintiff that a general release would be required prior to receiving final payment. Pursuant to the terms of the contract, 48 C.F.R. § 52.232–5(f) (1984), was incorporated by reference. This regulation provides, in pertinent part: "The Government shall pay the amount due the Contractor under this contract after ... (3) Presentation of release of all claims against the Government arising by virtue of this contract, other than claims, in stated amounts, that the Contractor has specifically excepted from the operation of the release."

In an October 8, 1990 letter, plaintiff submitted a claim to the VA's contracting officer for an additional $31,054.00, representing costs allegedly incurred by plaintiff in obtaining payment and performance bonds.

On November 20, 1990, Contracting Officer Florence Greissinger issued a final decision denying plaintiff's claim for additional payment. On December 31, 1990, plaintiff submitted its last invoice on the contract in the amount of $4,038.45. The invoice states, "As per copy of attached letter—final payment."

In January 1991 Contracting Officer Greissinger forwarded to plaintiff a final settlement memorandum, which contained a release of claims provision to be executed by plaintiff and returned to the contracting officer. On the settlement memorandum, under subsection 1(r) entitled "Statement of Account," the entry reads: "Amount due as final payment: $4,038.45."

The release of claims provision, entitled "Release Pursuant Clause 7 (SF 23–A)," contained in the final settlement memorandum provided:

> For and in consideration of the payments heretofore made, and payment of the above recited sum now due by reason of performance of the above contract, the undersigned contractor hereby releases and discharges the United States of America of and from all liabilities, obligations and claims whatsoever under or arising out of said contract.

Below this language the contracting officer inserted the typewritten word "NONE." The release was signed by Milfred D. Alexander, president of plaintiff. Plaintiff did not reserve in writing its claim for bond costs on the release. On the same day, and in conjunction with the settlement memorandum, Mr. Alexander signed a document entitled "Fourteenth and Final Progress Payment." This document calculated the remaining payment in the amount of $4,038.45.

On January 15, 1991, the contracting officer authorized payment of the last invoice on the contract. The payment was issued to plaintiff on February 5, 1991.

Plaintiff filed suit in the Claims Court on November 29, 1991, claiming entitlement to reimbursement for bond costs in the amount of $31,054.00. Defendant responds that plaintiff's request is barred because plaintiff signed a release form discharging the VA of all liability for any claims.

## DISCUSSION

Summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to judg-

ment as a matter of law. RUSCC 56(c). A fact is material if it would affect the outcome of the suit. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). A dispute is genuine if the evidence would permit a reasonable jury to return a verdict in favor of the non-movant. *Id.* The moving party has the burden of showing that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986).

To create a genuine issue of material fact, the non-movant must do more than come forward with "mere allegations from the pleadings." *Anderson,* 477 U.S. at 248, 106 S.Ct. at 2510. Rather, the non-movant must point to evidence drawn from the record, setting "forth specific facts showing there is a genuine issue for trial." *Id.* Any evidence presented by the non-movant is to be believed and all justifiable inferences are to be drawn in its favor. *Id.* at 255, 106 S.Ct. at 2513.

■ As a general rule the execution of a release of claims and the receipt of final payment by a government contractor bars the contractor from subsequently asserting claims against the Government arising out of the contract, other than those specifically excepted in the release. *Gresham, Smith & Partners v. United States,* 24 Cl.Ct. 796, 801 (1991) (citing *Clark Mechanical Contractors, Inc. v. United States,* 5 Cl.Ct. 84, 86 (1984)). "Exceptions to releases of claims are strictly construed against government contractors." *Gresham,* 24 Cl.Ct. at 801. A contractor's mere intention to preserve a claim is not sufficient to avoid the effect of a general release. *Clark,* 5 Cl.Ct. at 87 n. 3.

■ The burden, therefore, is on the contractor "to make adequate exceptions on the release form prior to receiving final payment in order to preserve his claims." *Mingus Constructors, Inc. v. United States,* 812 F.2d 1387, 1394 (Fed.Cir.1987). Plaintiff concedes that it did not explicitly preserve its claim on the release form. Nevertheless, plaintiff advances three rea-

sons why the release should not bar its claim: 1) The release did not accompany a demand for final payment; 2) the release was executed under economic duress; and 3) the release was ambiguous and misleading.

First, plaintiff argues that it has not received final payment pursuant to the contract. According to plaintiff, its claim for $31,054.00 represents an "outstanding claim" that precludes final payment under the contract. *Gulf & Western Indus. v. United States,* 6 Cl.Ct. 742, 751 (1984). Plaintiff asserts that the $4,038.45 represents the "balance of undisputed proceeds" due under the contract and is not a "final payment" inclusive of all outstanding claims. Plf's Br. filed May 18, 1992, ¶ 2. This semantic distinction is unpersuasive. Plaintiff cites no document in the record, nor any pertinent legal authority, characterizing the payment as a "balance of undisputed proceeds" as opposed to a "final payment."

Plaintiff relies heavily on *Gulf & Western.* The plaintiff contractor asserted that an outstanding informal claim arising out of the contract at issue precluded "final payment under the contract until [the claim] is finally resolved." 6 Cl.Ct. at 750–51. In holding for the contractor, the court in *Gulf & Western* noted that if a "claim is transmitted to the contracting officer *prior* to the contract balance payment, then it logically follows that sequentially that payment cannot be the 'final payment' under the contract because the contract remains open...." 6 Cl.Ct. at 752 (emphasis in original). The facts in *Gulf & Western,* however, are readily distinguishable from those in the instant case. In that case no release was requested or obtained by the Government prior to the payment in question. *See id.* at 745–48. Indeed, as the court noted in *Gulf & Western,* "lack of any notation or indication of finality on the invoice or last check" and "failure to request a release" were evidence that the last payment at issue did not constitute "final payment." *Id.* at 753 (citations omitted).

In the instant case, not only was the final invoice marked "final payment," but plaintiff signed a settlement memorandum and application for final progress payment referencing the final invoice as seeking final payment. The settlement memorandum contained a release wherein plaintiff failed to except in writing the claim at issue. As the court in *Mingus* observed, a general release signed prior to receiving the final progress payment effectively makes that payment the "final payment" under the contract unless a previous claim was "specifically excepted" on the release. 812 F.2d at 1391.

Plaintiff argues that Mr. Alexander signed the release under economic duress. Specifically plaintiff points out that the contracting officer typed the word "NONE" in the space reserved for listing exceptions to the release. The contracting officer's actions were designed to deceive plaintiff, so plaintiff proceeds, 1) because the general release did not indicate that plaintiff was required to list all claims that it wanted to except; 2) because no indication was present that "NONE" related to claims excepted from the release; and 3) because the contracting officer knew of plaintiff's bond claim when she inserted "NONE" in the form. In order to prevail under this theory, plaintiff must demonstrate that it involuntarily accepted the VA's terms. *Employers Ins. of Wassau v. United States*, 764 F.2d 1572, 1576 (Fed. Cir.1985). In *Employers* the court required plaintiff to prove that one party involuntarily accepted the terms of another, that circumstances permitted no other alternative, and that circumstances were the result of coercive acts of the opposite party.

Plaintiff has not come forward with evidence that the release was signed involuntarily. Such evidence is not supplied by the affidavit of Mr. Alexander. Moreover, plaintiff has not demonstrated that circumstances permitted no alternative. Indeed, at least one alternative existed: Plaintiff could have specifically excepted its claim on the release. It was plaintiff's failure to do so which now bars its claim.

Further, plaintiff proffers no evidence that Mr. Alexander's signing of the release was the result of coercive acts of the VA. Rather, the contract specifically informed plaintiff that a general release would be required prior to receiving final payment. Pursuant to the terms of the contract, 48 C.F.R. § 52.232–5(f), which the contract incorporated by reference, allowed the VA to make a final payment upon presentation of a release excepting all claims that it did not cover. Requiring the release, therefore, was the VA's right under the contract.

Plaintiff's final argument is that the release does not bar plaintiff's claim because the release is ambiguous. Plaintiff contends, through the affidavit of Mr. Alexander, that the release was ambiguous in that it was not clear to him that "the release was intended to release all claims under the Contract both claims which may had [sic] not then been asserted and claims which at that time were formally filed with the Contracting Officer...." Affidavit of Milfred D. Alexander, May 16, 1992, ¶ 2. According to plaintiff, the release does not contain specific instructions for excepting claims. Defendant does not dispute that the contract was drafted by a government employee. In this regard plaintiff correctly notes that, were an ambiguity to exist, the contract terms at issue would be construed against the Government. *John C. Grimberg Co. v. United States*, 7 Cl.Ct. 452, 456–57, *aff'd*, 785 F.2d ·325 (Fed.Cir.1985) (Table). This court construes the contract as unambiguous because plaintiff was on notice that such a release would be required and that plaintiff could except claims from the release. *See Gresham*, 24 Cl.Ct. at 801 (release is a contractual provision, and its interpretation is a matter of law).

As noted in *Mingus*, "the burden is no longer on the government to assure that the release is sufficiently specific, but is on the contractor to make adequate exceptions on the release form prior to receiving final payment in order to preserve his claims." 812 F.2d at 1393–94. Based on the foregoing, the release signed by plaintiff bars its claim for $31,054.00.

## CONCLUSION

Accordingly, based on the foregoing, defendant's motion for summary judgment is granted. The Clerk of the Court shall enter judgment dismissing the complaint.

IT IS SO ORDERED.